IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LELAND CORSO,                            )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )      1:18CV669
                                         )
STATE OF NORTH CAROLINA, et al.,         )
                                         )
            Defendant(s).                )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1.   The Complaint is not on forms prescribed for use by this Court, nor is the information requested by such forms and necessary to process the Complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. See LR 7.1(e).

2.   Plaintiff's claims are not clear. Plaintiff appears to be attempting to raise claims on behalf of himself and other prisoners. As a *pro se* party, he can only raise his own claims; he cannot represent other persons. In addition, Plaintiff also sets out multiple, unrelated contentions. Joinder of defendants is permitted under Fed. R. Civ. P. 20(a)(2)(A) & (B) if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Here, Plaintiff appears to be seeking to assert claims arising out of separate transactions or occurrences that do not have common questions of law or fact, some of which occurred in other districts and would potentially be subject to transfer. Given the lack of clarity, Plaintiff should

clearly set out his claims on the proper forms, using separate Complaints for separate events as appropriate, in the appropriate districts.

The Court also notes that Plaintiff's contentions regarding the handling of his administrative prison grievances are also unclear. To the extent Plaintiff is attempting to assert a claim for denial or mishandling of his grievances, the Court notes that there is no substantive due process right to a prison grievance procedure. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (no right to any grievance procedure or to access any procedure voluntarily created by the State).

Given these issues and the lack of clarity, the Court can consider these issues further if Plaintiff sets out his claims in a new Complaint or Complaints on the proper forms.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing new complaints, on the proper § 1983 forms and in the proper districts, which correct the defects cited above.

This, the 2nd day of November, 2018.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

3

Case 1:18-cv-00669-LCB-JEP   Document 3   Filed 11/02/18   Page 3 of 3

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing new complaints, on the proper § 1983 forms and in the proper districts, which correct the defects cited above.

This, the 2nd day of November, 2018.

/s/ Joi Elizabeth Peake
United States Magistrate Judge